IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BRANDON BASHUS**, by and through his Parents and legal guardians, Gregory and Christine Bashus,<br><br>Plaintiff,<br><br>vs.<br><br>**PLATTSMOUTH COMMUNITY SCHOOL DISTRICT, PLATTSMOUTH SCHOOL BOARD, SAM HARDY, MARY CAVERZAGIE, MATT GLUP, ROD JENKINS, NEIL LANCASTER, DON FREEBURG, BOB PRIEBE, JOHN BATEMAN, KEN WITHERS, JEFF WILES, GREG ADAMS, RENEE JACOBSON and DR. CONNIE HEINEN,**<br><br>Defendants. | 8:06CV300<br><br>**MEMORANDUM AND ORDER** |

This matter is before the magistrate judge by consent of the parties on defendants' "MOTION TO DISMISS AND NOTICE OF REDACTION UNDER FERPA 20 U.S.C. § 1232" [22]. Defendants have provided unredacted documents to the court and to opposing counsel, and the matter has been fully briefed.

Plaintiff was a student at Plattsmouth High School during the 2004-05 school year. He seeks relief pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX"), alleging that the defendants were deliberately indifferent to known sexual harassment committed against him by another student. The plaintiff also asserts a state law claim for negligence. Defendants contend the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and that the court should decline to exercise supplemental jurisdiction over the negligence claim.

For the reasons discussed herein, I find that the motion to dismiss should be denied.

## STANDARD OF REVIEW

All that is required of a civil complaint is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Under the Federal Rules, it is not necessary to plead every fact with formalistic particularity." *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003). The question for the court is whether the complaint puts the adverse party on notice as to the substance of the claim. *See id.* Thus, in considering a motion for dismissal pursuant to Fed R. Civ. P. 12(b)(6), the court must liberally construe the complaint in the light most favorable to the plaintiff and must assume that all the facts alleged in the complaint are true. *Schmedding v. Tnemec Co., Inc.*, 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* "Nor should a complaint be dismissed merely because it does not state with precision all elements that give rise to a legal basis for recovery. Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Id.* (citations omitted).

In this case, all parties have filed evidentiary submissions in conjunction with this motion. If the court considers "matters outside the pleading" in deciding a motion to dismiss, Rule 12(b)(6) requires that the motion "be treated as one for summary judgment." *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).[1] However, "[t]he court has complete discretion to

---

[1] Within the Eighth Circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment "simply because one party submits additional matters in support of or opposition to the motion.... Some materials that are part of the public record or do not contradict the complaint may be

determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Id*. at 701.

The court will not rely on matters outside the pleading in deciding this motion.

## FACTUAL BACKGROUND

The complaint alleges the following:

Pursuant to state statutes, the Plattsmouth Community School District ("School District") is a Nebraska public school district, and the Plattsmouth School Board ("School Board") was the governing body for the School District. Defendants Hardy, Caverzagie, Glup, Jenkins, Lancaster, Freeburg, Priebe, Bateman and Winters were members of the Plattsmouth School Board ("Board Members"). Defendant Jacobson was the Superintendent of the School District and defendant Heinen was the Principal at Plattsmouth High School ("High School"). Defendant Wiles was the Athletic Director and defendant Adams was the head football coach at Plattsmouth High School; both were under the supervision, authority and direction of the other defendants.

During the 2004-05 school year, plaintiff was a ninth grader at the High School and was a member of the freshmen football team. As a team member, plaintiff participated in practice sessions held at the High School. Following practice sessions, members of the team went to the locker room located in the High School to shower, change clothes, and/or store their football equipment. While team members were present in the locker room after practice sessions, upperclassmen of the High

---

considered by a court in deciding a Rule 12(b)(6) motion to dismiss." *Missouri ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir.), *cert. denied,* 527 U.S. 1039 (1999). For example, in a case involving a contract, the court may examine the contract documents and take judicial notice of public records in considering a motion to dismiss. *See Stahl*, 327 F.3d at 700. The materials offered in this case do not fall within the exception.

-3-

School, including 12th grade student Jacob Schippert ("Schippert"), were also present in the locer room following their own football team practices.

On or about August 19, 2004, Schippert harassed plaintiff in a sexual manner by exposing his genitals and touching plaintiff in an unwelcome and offensive manner, thus humiliating, embarrassing, and intimidating the plaintiff. On numerous occasions prior to August 19, 2004, Schippert was known to have engaged in inappropriate and threatening conduct, both in and out of the locker room, thus instilling fear, apprehension, and anxiety in several students, including members of the freshman football team.

The 2004-05 Staff Handbook for faculty members, including athletic coaches, states, in part:

a.  No student should be in the building before 7:00 a.m. and after 4:00 p.m. unless they are under faculty supervision;

b.  No student should be in the building beyond the regular school day unless they are under faculty supervision; and

c.  The best method to prevent inappropriate student behavior is for faculty to be highly visible in all portions of the building.

The 2004-05 Student Handbook for students at the High School, pursuant to various Board Policies, prohibits:

a.  Student-to-student harassment;

b.  Conduct which (i) disrupts or interferes with the education program, (ii) disrupts the orderly and efficient operation of the School District or a school activity, (iii) disrupts the rights of other students to obtain their education or to participate, (iv) is violent or destructive, or (v) interrupts the maintenance of a disciplined atmosphere;

c.  Using profane or obscene language or gestures;

d.  Using violence, force, coercion, threat and/or intimidation, including bullying or harassing students on the way to school;

  e. Threatening or intimidating any student or staff member for the purpose of or with the intent of obtaining money or anything of value from such student;

  f. Sexually assaulting or attempting to sexually assault any person; and

  g. Engaging in any other activity forbidden by the laws of Nebraska which activity constitutes a danger to other students or interferes with school purposes.

Contrary to the defendants' own policies, there were no coaches or other supervisory personnel present in the locker room on August 19, 2004 at the time of Schippert's inappropriate and offensive conduct with the plaintiff, or on numerous occasions prior to that date.

Plaintiff has complied with all requirements of the Nebraska Political Subdivisions Tort Claims Act. The defendants, in connection with offering their educational program and activities, are the recipients of federal financial assistance.

## LEGAL ANALYSIS

### A. The Title IX Claim

Title IX prohibits educational institutions that receive federal assistance from discriminating on the basis of sex:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any education program or activity receiving Federal financial assistance....

20 U.S.C. § 1681(a).

The leading case on peer sexual harassment claims is *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629 (1999), in which the Court stated: "Having previously determined that 'sexual harassment' is 'discrimination' in the school context under Title IX, we are constrained to conclude

that student-on-student sexual harassment, if sufficiently severe, can likewise rise to the level of discrimination actionable under the statute." 526 U.S. at 650. In order to prevail on such a claim, the plaintiff "must establish sexual harassment of students that is so severe, pervasive, and objectively offensive, and that so undermines and detracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities." *Id*. at 651. "Damages are not available for simple acts of teasing and name-calling among school children.... Rather, in the context of student-on-student harassment, damages are available only where the behavior is so severe, pervasive, and objectively offensive that it denies its victims the equal access to education that Title IX is designed to protect." *Id*. at 652. In *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005), the Court further held that "[r]etaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination encompassed by Title IX's private cause of action."

Only recipients of federal funding are subject to suit under Title IX. *See Davis*, 526 U.S. at 640-41. In addition to this requirement, a plaintiff must allege four factors to state a claim of school district liability under Title IX: that the district (1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school. *Murrell v. School Dist. No. 1*, 186 F.3d 1238, 1246 (10th Cir. 1999).

Here, the defendants contend the plaintiff has failed to state a Title IX claim because the complaint lacks specific factual allegations demonstrating deliberate indifference or the denial of any educational benefits to the plaintiff. Furthermore, defendants contend plaintiff's claims involve only "a one-time arguably severe incident" which is not actionable under Title IX.

Plaintiff contends that the complaint meets the notice pleading requirement of Fed. R. Civ. P. 8(a) and explains that, in summary, the complaint alleges that the defendants knew of previous acts of harassment by Schippert that occurred prior to August 19, 2004 and the defendants were deliberately indifferent to those acts of harassment. Despite their knowledge of prior incidents, the defendants allowed the boys to be left alone, unsupervised, in the locker room, thus failing to follow the school's policies and procedures requiring that staff members never leave students unsupervised in the school building outside regular school hours.

In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the Supreme Court considered whether it was necessary for a complaint in an employment discrimination lawsuit to "contain specific facts establishing a prima facie case of discrimination" under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The Court observed that it had "never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." 411 U.S. at 511. The Court reiterated its position that a heightened pleading standard in employment discrimination cases

> conflicts with Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See *id.*, at 47-48; *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168-169 (1993). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts. In *Leatherman* we stated: "[T]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under §1983. *Expressio unius est exclusio alterius*." 507 U.S., at 168. Just as Rule 9(b) makes no mention of municipal liability under Rev. Stat. § 1979, 42 U.S.C. § 1983 (1994 ed., Supp. V), neither does it refer to employment discrimination. Thus, complaints in these cases, as in most others, must satisfy only the simple requirements of Rule 8(a).
>
> Other provisions of the Federal Rules of Civil Procedure are inextricably linked to Rule 8(a)'s simplified notice pleading standard. Rule 8(e)(1) states that "[n]o technical forms of pleading or motions are required," and Rule 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial justice." Given the Federal Rules' simplified standard for pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim. See *Conley, supra*, at 48 ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits").

*Swierkiewicz*, 411 U.S. at 512-14 (footnotes and parallel citations omitted).

Returning to the case at bar, I have declined to accept or consider any material beyond the pleadings. I find that the plaintiff's complaint complies with the notice pleading requirements of Fed. R. Civ. P. 8(a) and has put the adverse parties on notice as to the substance of the claims. I further find that it does not appear beyond a doubt that the plaintiff will be unable to prove a set of facts which would entitle him to relief, or that there is "some insuperable bar to relief."

As to the individual defendants' uncertainty as to whether the plaintiff intended to sue them in an official capacity or an individual capacity, "[a] suit against a public official in his individual capacity requires that the public official be named in his personal capacity as an individual. If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998). Since the complaint does not specifically name the defendants in their individual capacities, the court will presume they have been sued only in their official capacities. *See Kinman v. Omaha Pub. Sch. Dist.*, 171 F.3d 607, 611 (8th Cir. 1999).

### B. The Negligence Claim

Plaintiff's state law negligence claim is based on allegations that the defendants breached their duty of care by (a) failing to provide supervision in the locker room; (b) failing to prevent Schippert from engaging in harassing conduct towards members of the team and the plaintiff; (c) failing to provide for the reasonable care and safety of students, including the plaintiff, while the students were engaged in a school-sponsored activity under the control and direction of the defendants' personnel; (d) failing to follow their own written policies and procedures for the care and supervision of students; (e) failing to provide an effective and adequate means for students, including plaintiff, to voice concerns about or report conduct of the nature engaged in by Schippert; (f) failing to have an effective program to deter or prevent "bullying" conduct similar to that engaged in by Schippert; (g) allowing Schippert to have continued contact with and access to other students in an unsupervised setting despite Schippert's past conduct; and (h) failing to follow and enforce its own policies governing student conduct and discipline.

Defendants contend the court should decline to exercise supplemental jurisdiction over this claim because it is barred by the discretionary function exemption to the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-910(2) which allows political subdivisions to retain their immunity against "[a]ny claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of the political subdivision or an employee of the political subdivision, whether or not the discretion is abused." *See Talbot v. Douglas County*, 249 Neb. 620, 624-25, 544 N.W.2d 839, 843 (1996).

> The purpose of the discretionary function exemption is to prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.... The discretionary function exemption extends only to basic policy decisions made in governmental activity, and not to ministerial activities implementing such policy decisions.... Examples of discretionary functions include the initiation of programs and activities, establishment of plans and schedules, and judgmental decisions within a broad regulatory framework lacking specific standards.... The discretionary function exemption in tort claims acts extends only to basic policy decisions and not to the exercise of discretionary acts at an operational level.... The political subdivision remains liable for negligence of its employees at the operational level, where there is no room for policy judgment.

*Norman v. Ogallala Public School Dist.*, 259 Neb. 184, 192, 609 N.W.2d 338, 345-46 (2000) (citations omitted).

Having considered the parties' arguments, I am inclined to agree with the plaintiff that the alleged instances of negligence do not involve basic policy decisions but, instead, involve activities implementing the policy decisions of the school district, as evidenced in its Staff and Student Handbooks.

Pursuant to 28 U.S.C. § 1367(a), this court may exercise jurisdiction over claims that are so related to claims in the action within the court's original jurisdiction that they form part of the same

case or controversy under U.S. Const. art. III. Since I have determined that plaintiff's Title IX claim should not be dismissed pursuant to Rule 12(b)(6), it would be inappropriate for the court to decline to exercise supplemental jurisdiction pursuant to § 1367(b)(3), as requested by the defendants. Nor do I believe that the negligence claim raises a "novel or complex issue of State law." *See* § 1367(b)(1). This court will, therefore, exercise supplemental jurisdiction over plaintiff's negligence claim.

## ORDER

**IT IS ORDERED** that defendants' MOTION TO DISMISS [22] is denied.

**DATED August 3, 2006.**

                                        **BY THE COURT:**

                                        **s/ F.A. Gossett**
                                        **United States Magistrate Judge**